S. P. TEAGUE ET AL. v. ATLANTIC COMPANY.

(Filed 4 May, 1938.)

**1. Master and Servant § 40e——Evidence held to support finding that accident causing death did not arise out of the employment.**

Evidence that a stairway was provided for the use of employees, that employees were forbidden to use an empty crate conveyor in going to and from the basement to the first floor, and that an employee, notwithstanding repeated warnings, used the crate conveyor in spite of its obvious danger, resulting in his fatal injury, *is held* to support the finding of the Industrial Commission that the accident causing death did not arise out of the employment.

**2. Master and Servant § 55d——**

Findings of fact of the Industrial Commission are conclusive on appeal when they are supported by competent evidence.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL from *Armstrong, J.,* at Regular Civil Term, March, 1938, of MECKLENBURG. Affirmed.

The findings of fact by the full N. C. Industrial Commission were:

"(1) The parties to this cause are bound by the provisions of the Workmen's Compensation Act. The deceased employee had never rejected the provisions of the law as far as the record is concerned. The employer has not rejected the provisions of the law, but, on the contrary, has qualified as a self-insurer under the provisions of the law.

"(2) Sarse Eugene Teague, the deceased employee, left wholly dependent upon him for support his father and mother, S. P. and Lizzie Teague.

"(3) The deceased, Sarse Eugene Teague, died as the result of an injury by accident four days after the happening of the said injury by accident.

"(4) The employee Teague's attempt to ride the empty crate conveyor from the basement to the first floor was obviously dangerous.

"(5) The employee Teague's attempt to ride the empty crate conveyor from the basement to the first floor was an attempt either for his own personal convenience or for the thrill of performing a hazardous feat; to do an obviously dangerous thing.

"(6) The empty crate conveyor was obviously designed, intended, and suitable for use only as a means of conveying empty crates from the basement to the first floor, and obviously was not designed, intended or suitable for use to convey a human being from the basement to the first floor.

"(7) On a few occasions when the deceased had ridden the empty crate conveyor in the presence of his foreman or other bossman, he had been warned of the dangers, reprimanded for his action and positively forbidden to do it again.

"(8) The defendant provided, and the employees, including the deceased, ordinarily used, conveniently located stairs as a means of going back and forth between the basement and the first floor of the bottling department.

"(9) The deceased, Teague, and other employees had ridden this empty crate conveyor upon occasions. Such occasions were infrequent and more or less secret, however; that is, when the foreman or bossman were not present.

"(10) No duty of Teague's, the deceased, required him to ride this empty crate conveyor or contemplated that he should ride this empty crate conveyor.

"(11) The average weekly wage of the deceased amounted to $24.75.

"(12) The accident occurred on the premises of the employer during the working time of the deceased, that is, the accident occurred in the course of the employment. It did not, however, arise out of the employment."

The plaintiffs made numerous exceptions and assignments of error and appealed to the Supreme Court.

*J. L. Hamme for plaintiffs.*
*Stewart & Bobbitt for defendant.*

PER CURIAM. We think the judgment of the court below correct.

The Full commission cited numerous authorities to sustain its award, and in the final conclusions of law stated: "Under the facts of this case we do not believe that Teague's injury arose out of his employment. In other words, we do not find a causal connection between the conditions under which his work was required to be done and the resulting injury. His injury did not follow as a natural incident of the work. We conclude that there was no causal connection between the conditions under which the work was required to be performed and the resulting injury. Our law requires that an injury must occur both 'in the course of the employment' and 'arise out of the employment.' Neither one alone is sufficient. Under the facts, the decisions, and sound reasoning, Teague's injury certainly did not, in our opinion, arise out of his employment. It appears that the unfortunate young man lost his life by stepping aside from the sphere of his employment and voluntarily and in violation of his employer's orders, for his own convenience or for the thrill of attempting a hazardous feat, attempted to ride on machinery installed and used for another purpose and obviously dangerous for the use he attempted to make of it rather than take the usual course of going from the basement to the first floor by way of the stairs provided and used for that purpose. Compensation cannot be awarded the dependents of the deceased for the above reasons. Compensation is therefore denied. Let an award issue accordingly."

The court below gave judgment as follows: "It is now ordered, adjudged and decreed: (1) That the award made by the North Carolina Industrial Commission, dated 9 February, 1938, this cause being designated before the said Commission by Docket No. 6941, be and is in all respects approved and affirmed. (2) That the findings of fact and conclusions of law set forth in the opinion of the North Carolina Industrial Commission, filed 4 February, 1938, be and are approved and affirmed. That the plaintiffs' claim for compensation be and is denied."

There was plenary competent evidence to sustain the findings of fact made by the Full Commission, which are controlling with us. We think the conclusions of law on the facts found are correct.

The judgment of the court below is
Affirmed.

SEAWELL, J., took no part in the consideration or decision of this case.