MARSHA D. BROWN, Widow and MARSHA D. BROWN, Guardian ad Litem for CHRISTOPHER JAMES BROWN, Minor Son of JAMES WILLIAM BROWN, Jr., Deceased v. JIM BROWN'S SERVICE STATION

No. 7810IC1013

(Filed 19 February 1980)

1. **Master and Servant § 60— workers' compensation—service station employee— death while installing CB antenna in home—accident arising out of and in course of employment**

    The death of a service station employee who was electrocuted while installing a CB radio antenna in his home after working hours arose out of and in the course of his employment where the service station owner purchased the CB radio equipment and directed the employee to install it in his home so that he could be called by radio to help in the business when he could not be reached by telephone.

2. **Master and Servant § 81— workers' compensation insurance policy—scope of coverage—insured business as partnership—injuries away from premises**

    An insurance policy providing workers' compensation insurance coverage for James William Brown t/a Jim Brown's Service Station covered the business operating as Jim Brown's Service Station even though the evidence showed the service station was a partnership consisting of Brown and his wife. Furthermore, the policy excluded accidents away from the business premises only when the insured had other insurance coverage for such accidents.

3. **Evidence § 34.1; Master and Servant § 93.3— workers' compensation case— admission by employer**

    In an action to recover workers' compensation benefits for the death of a service station employee who was electrocuted while installing a CB antenna in his home, a statement by one of the service station owners that the CB radio was being installed in order to be better able to get in touch with decedent was admissible into evidence as an admission of the owner.

APPEAL by defendant from order of North Carolina Industrial Commission entered 5 September 1978. Heard in the Court of Appeals 21 August 1979.

This proceeding was instituted by the plaintiff, individually and as guardian ad litem for her minor son, under the Workmen's Compensation Act. The evidence before the Deputy Commissioner was to the effect that James William Brown, Jr. was employed at Jim Brown's Service Station. Lessie Brown, the mother of James William Brown, Jr., testified that she and her husband, as a partnership, owned Jim Brown's Service Station. She testified the partnership purchased a CB radio, and she told her son to install

it in his home so he could be called to come to the station when he was needed at times when he did not ordinarily work. She testified that sometimes she could not get him on the telephone. James William Brown, Jr. was electrocuted while installing the CB antenna in his home after his regular working hours. The Deputy Commissioner made findings of fact, including a finding that "[t]he base station that decedent was installing at his privately-owned residence on 23 January 1976 was intended to become part of a back-up and emergency communications system for the service station and farming operations." The Deputy Commissioner concluded the accident arose out of and in the course of employment and awarded benefits.

Defendant petitioned the Full Commission for review and the Full Commission held there was sufficient evidence in the record to support the opinion and award of the Deputy Commissioner. The Full Commission modified the award of attorney fees and affirmed the opinion and award as modified. Defendant appealed.

*West and Groome, by Ted G. West, for plaintiff appellees.*

*Moore and Willardson, by Larry S. Moore and John S. Willardson, for defendant appellant.*

WEBB, Judge.

[1] Lessie Brown testified that the partnership purchased the CB radio and the deceased was installing it at her direction after working hours. This was done so that decedent could be called by radio to help in the business when he could not be reached by telephone. This evidence supports the finding of fact that "[t]he base station that decedent was installing at his privately-owned residence on 23 January 1976 was intended to become a part of a back-up and emergency communications system for the service station and farming operations." The first question posed by this appeal is whether this finding of fact supports the conclusion that decedent's death, while installing the radio, was an accident arising out of and in the course of employment under G.S. 97-2(6). The words "arising out of and in the course of employment" have been interpreted many times. The phrases "arising out of" and "in the course of" are not synonymous and both must be fulfilled in order for the plaintiff to recover. An accident arises out of employment where any reasonable relationship to the employment and the ac-

cident exists or the employment is a contributory cause of the accident. *Allred v. Allred-Gardner, Inc.*, 253 N.C. 554, 117 S.E. 2d 476 (1960). From the finding of fact that decedent was installing a back-up radio system for his employer when the accident occurred, the Commission was correct in concluding the accident arose out of the decedent's employment.

The phrase "in the course of" employment deals with time, place, and circumstance. All three of the conditions must be fulfilled for the plaintiffs to recover. *See Harless v. Flynn*, 1 N.C. App. 448, 162 S.E. 2d 47 (1968). "Time and place" do not necessarily mean the regular hours of employment and on the premises of the employer. If the employee is doing work at the direction and for the benefit of the employer, the time and place of work are for the benefit of the employer and a part of the employment of the employee. This satisfies the condition of time and place although the work is done off the premises of the employer and after regular working hours. *See Hardy v. Small*, 246 N.C. 581, 99 S.E. 2d 862 (1957). In the case sub judice, the decedent was installing the radio at his own residence at the direction of his employer. The employer wanted this radio installed so it would have a back-up communication system for its own benefit. This satisfies the condition of time and place. In respect to "circumstance," compensable accidents are those sustained while the employee is doing what a man so employed may reasonably do within a time he is employed, and at a place where he may reasonably be during the time to do that thing. *See Harless v. Flynn, supra*. When the decedent was installing the radio in his home at the direction of his employer, he was doing what a man so employed may reasonably do at a time he was employed and at a place where he may have been during the time to do that thing. The condition of circumstance was fulfilled. The Commission was correct in concluding the accident arose out of and in the course of employment.

[2] Defendant next assigns as error the awarding of benefits to be paid by Aetna Casualty and Surety Company on the ground that the policy did not cover the partnership or the accident. The policy contained the following provisions:

"1. NAME OF INSURED AND ADDRESS

JIM BROWN'S SERVICE STATION
JAMES WILLIAM BROWN T / A
ELKIN ROAD
NORTH WILKESBORO, N. C. 28659

\* \* \*

4. Classification of Operations

Entries in this item, except as specifically provided elsewhere in this policy, do not modify any of the other provisions of this policy.

* Clerical Office Employees N.O.C.

* Salesmen, Collectors or Messengers—outside

* Drivers, Chauffeurs and their Helpers N.O.C.—commercial (*if not specifically included below)

GASOLINE STATIONS, RETAIL—INCLUDING DRIVERS—AND TIRE RECAPPING SHOP

\* \* \*

AETNA CASUALTY AND SURETY COMPANY

(A stock insurance company, herein called the Company)

Agrees with the Insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declaration and subject to the limits of liability, exclusions, conditions and other terms of this policy:

INSURING AGREEMENTS

I. COVERAGE A—WORKMEN'S COMPENSATION

To pay promptly when due all compensation and other benefits required of the Insured by the workmen's compensation law.

\* \* \*

EXCLUSIONS

This policy does not apply:

(a) under Coverages A and B to operations conducted at or from any workplace not described in item 1 or 4 of the declarations if the Insured has, under the workmen's compensation law, other insurance for such operations or is a qualified self-insurer therefor;

(b) under Coverages A and B unless required by law or described in the declarations, to domestic employment or to farm or agricultural employment;"

Defendant contends that the policy does not cover this claim because it was issued to James William Brown t/a Jim Brown's Service Station and the Deputy Commissioner found as a fact based on the evidence that Jim Brown's Service Station is a partnership. The defendant also argues that the exclusions provide that the policy does not apply to accidents occurring away from the location of the business at Elkin Road, North Wilkesboro, N.C. As to the argument that the policy does not cover the partnership, it is clear that it was written to cover the business operating as Jim Brown's Service Station at Elkin Road, North Wilkesboro, N.C. We hold that it covers the business although it is a partnership. As to the argument that accidents away from the premises are excluded, we hold that this exclusion applies to accidents for which the insured has other insurance coverage. The specific terms of the policy provide that Aetna Casualty and Surety Company will pay all sums which the insured is liable to pay for accidents "by any employee of the Insured arising out of and in the course of his employment . . . ." This covers the case sub judice. Defendant relies on *Burnett v. Paint Co.*, 216 N.C. 204, 4 S.E. 2d 507 (1939). That case involved the coverage of a workmen's compensation policy. The Court in that case held the plaintiff's injury was not covered by the Workmen's Compensation Act. The workmen's compensation policy did not cover the accident. There was no intimation that the coverage under the policy was not co-extensive with the insured's liability under the Workmen's Compensation Act.

Defendant next assigns as error the finding that the "[d]efendant employer is a partnership. Jim Brown and his wife

are the partners." James William Brown and Lessie Brown each testified it was a partnership. This is evidence which supports the court's finding.

[3] The defendant next assigns error to the testimony of decedent's widow. During her testimony, decedent's widow testified she had heard Lessie Brown say the radio would be installed in order to be better able to get in touch with decedent. Defendant contends this testimony should have been excluded as hearsay. Lessie Brown was a partner in the business against which the claim was made. Her statement as to the purpose for installing the radio was admissible evidence as an admission. *See* 2 Stansbury's N.C. Evidence, § 167 (Brandis rev. 1973).

Defendant also assigns as errors: a statement made by the Deputy Commissioner during the hearing that "[i]t was an oral partnership," the asking of leading questions by plaintiff's counsel, and the examination of the same witness by separate counsel. These assignments of error are overruled.

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.