DONNA MARIE ROSS, DAUGHTER, AND RICHARD LEE GODWIN, SON OF MAMIE PAULETTE BROCK, DECEASED EMPLOYEE-APPELLANTS v. MARK'S INC., D/B/A HARDEE'S OF GREENVILLE, EMPLOYER-APPELLEE

No. COA94-1383

(Filed 7 November 1995)

**Workers' Compensation § 133 (NCI4th)— employee depositing employer's funds—murder by ex-husband—no injury arising out of employment**

There was competent evidence to support the Industrial Commission's finding that the murder of the deceased employee was privately motivated by only one factor, the stormy domestic relationship between the employee and her ex-husband, and the Commission therefore did not err in concluding that the injury did not arise out of and in the course of the employee's employment, even if it did occur as she left work on her way to the bank to deposit the employer's funds.

**Am Jur 2d, Workers' Compensation § 569.**

**Workers' compensation law as precluding employee's suit against employer for third person's criminal attack. 49 ALR4th 926.**

Appeal by plaintiffs from an opinion and award of the North Carolina Industrial Commission entered 19 July 1994. Heard in the Court of Appeals 19 September 1995.

*James Hite Avery Clark & Robinson, by Leslie S. Robinson, for plaintiff appellants.*

*Cranfill, Sumner & Hartzog, L.L.P., by C.D. Taylor Pace and W. Scott Fuller, for defendant appellee.*

ROSS v. MARK'S INC.

[120 N.C. App. 607 (1995)]

SMITH, Judge.

In this case, plaintiffs, children of deceased employee, attempted to recover workers' compensation benefits for the death of their mother resulting from an assault inflicted by her ex-husband. Deputy Commissioner Roger L. Dillard, Jr., found that the moving cause of the assault upon the employee was personal, did not arise out of her employment and, therefore, was not compensable under the Workers' Compensation Act. Plaintiffs appealed to the Full Commission, which adopted, with slight modification, the findings of fact and conclusions of law of the Deputy Commissioner and affirmed the denial of benefits. Plaintiffs appeal to this Court. We affirm.

In August of 1990, employee, Mamie Paulette Brock, was the assistant manager of Hardee's Fast Food Restaurant in Greenville. At that time she had been divorced from Larry Ray Godwin for seven years. Approximately six months prior to August of 1990, Brock and Godwin began living together again. The two had a tumultuous relationship because Brock continued to have boyfriends other than Godwin and Godwin became very jealous. Three months before Brock's death, Godwin discovered her having sex with another man in the back of a van. At that time Godwin held a gun to Brock's head and threatened to kill her. On several occasions, Godwin told co-workers that he was going to kill Brock. Several days before 13 August 1990, Godwin became so enraged with Brock that he asked her to move out of the mobile home in which the two lived.

On 13 August 1990, Godwin went to Hardee's and saw Brock having dinner with one of her boyfriends. Outraged, Godwin went out to the Hardee's parking lot and waited 20 or 30 minutes. Brock's boyfriend exited through the back door of Hardee's and did not confront Godwin. Godwin went home, where he explained to his roommate what had happened. His roommate told him he needed to "get her back." According to Godwin's later confession to police, he and his roommate then formulated a plan to punish and embarrass Brock. They decided to take defendant employer's money from employee Brock after she had closed the restaurant and was on her way to make the night deposit. They believed that by robbing the employee, they could embarrass her and make her think she would have to replace the money out of her own funds in order to prevent employer from absorbing a loss caused by her personal acquaintances. As a result, Godwin and his roommate believed this would be revenge upon Brock.

ROSS v. MARK'S INC.

[120 N.C. App. 607 (1995)]

Later on the evening of 13 August 1990 Godwin and his roommate went back to Hardee's where Godwin hid in Brock's car, waiting for her until she finished work. When Brock got into her vehicle and was on her way to the bank, Godwin showed himself. At some point, Brock stopped the car and allowed Godwin to drive. The two became engaged in a fight and, after driving down the road for some distance, Godwin pulled the car to the side of the road where he and Brock continued a heated argument. Godwin grabbed a pistol, which was in Brock's car, and shot her at least twice. Godwin then told his roommate, who had been following them in another car, what had happened. The roommate then shot Brock again.

Godwin and his roommate took Brock's body to a remote site in Washington, North Carolina, where they disposed of Brock's body, her belongings and their own bloody clothes. During this time, the roommate said that they needed to make it look like a kidnapping, robbery, rape and murder. They divided the bank deposit of $293.61.

Based upon the foregoing facts, the Full Commission made the following conclusions of law:

1. There is no reasonable inference that can be drawn from the evidence presented that the decedent's employment created the risk of her attack. The actual cause of the assault on the deceased employee by her ex-husband was personal. The plaintiff's claim is not compensable.

2. Decedent's death did not arise out of her employment, although she was kidnapped and murdered as she was leaving her place of employment and was on the way to make defendant-employer's bank deposit. Even though there is evidence that would tend to indicate that robbing the employee was the method that the ex-husband and his roommate had schemed to have revenge on the employee, these actions were directed to the deceased employee personally and arose from a set of circumstances outside of her employment and, thus, did not arise within or out of the scope of her employment.

Plaintiffs contend that the Industrial Commission erred on the ground that there is a reasonable inference which can be drawn from the evidence that decedent Brock's employment created the risk of her attack and that the assault arose out of and in the course of her employment and was not personal in nature.

ROSS v. MARK'S INC.

[120 N.C. App. 607 (1995)]

In an appeal from a decision by the Industrial Commission, this Court's standard of review is limited to a determination of whether the Commission's findings of fact are supported by competent evidence and whether the conclusions of law are supported by the findings. *Hemric v. Manufacturing Co.*, 54 N.C. App. 314, 316, 283 S.E.2d 436, 438 (1981), *disc. review denied*, 304 N.C. 726, 288 S.E.2d 806 (1982). This is so even if there is evidence which would support contrary findings. *Richards v. Town of Valdese*, 92 N.C. App. 222, 225, 374 S.E.2d 116, 118 (1988), *disc. review denied*, 324 N.C. 337, 378 S.E.2d 799 (1989).

Under the Workers' Compensation Act a compensable death is one which results from an injury by accident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2(6) (1991); *Robbins v. Nicholson*, 281 N.C. 234, 238, 188 S.E.2d 350, 353 (1972); *Culpepper v. Fairfield Sapphire Valley*, 93 N.C. App. 242, 377 S.E.2d 777, *aff'd*, 325 N.C. 702, 386 S.E.2d 174 (1989). This appeal presents only the question of whether decedent's injuries arose out of her employment with defendant employer. The parties have stipulated that decedent's death resulted from an accident within the meaning of the Workers' Compensation Act and that she died in the course of her employment.

In general, the term "arising out of" refers to the origin or causal connection of the accidental injury or death to the employment. *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977). While assaults upon employees may be compensable if they arise out of and in the course of employment, privately motivated assaults which spring from disputes "that claimant, so to speak, brought with him to the employment premises from outside" are generally not compensable under the Workers' Compensation Act. A. Larson, *The Law of Workmen's Compensation*, § 11.31 (1992); *Gallimore*, 292 N.C. at 403-04, 233 S.E.2d at 532; *Robbins*, 281 N.C. at 240, 188 S.E.2d at 354. This is so because privately motivated assaults do not arise out of the employment relationship; they are foreign to it. The necessary connection between the injury and the employment does not exist.

Plaintiffs argue that Godwin's roommate was the impetus of the assault upon employee Brock and that his primary motivation was to rob her for personal financial gain. They contend that the nature of her employment increased the risk of such a robbery and that the assault upon Brock was an inherent risk of her employment. Plaintiffs argue that there was a dual motive for the robbery of and assault upon Brock: one was the personal relationship between Brock and

**ROSS v. MARK'S INC.**

[120 N.C. App. 607 (1995)]

Godwin, the other was the roommate's desire for financial gain. They argue that, when such a dual motive exists, the resulting injury is compensable under the Act. However, the Full Commission found only one motivating force behind the assault of Brock and that was the personal relationship between her and Godwin. We are bound by the findings of the Industrial Commission if there is competent evidence in the record to support them. In this case, we find that there is competent evidence to support the Commission's finding that the assault was privately motivated by only one factor: the domestic relationship between the employee and her ex-husband.

Godwin and Brock had a stormy relationship, and only days before the assault Godwin had asked Brock to move out of the mobile home they occupied. He had threatened her life on at least one occasion and had told co-workers he was going to kill her. When Godwin told his roommate that he had seen Brock having dinner with another man, the roommate's immediate comment was that Godwin needed to "get her back." In Brock's car on the night of the assault, she and Godwin engaged in a bitter fight. It was not until after he shot Brock that Godwin and his roommate took money from her which belonged to defendant employer. At that point, the roommate told Godwin they needed to make it "look like" a robbery, kidnapping, rape and murder. This ample evidence supports the Commission's finding that the relationship between Brock and Godwin was the motivating force behind the assault. When the "circumstances surrounding the assault furnish no basis for a reasonable inference that the nature of the employment created the risk of such an attack, the injury is not compensable." *Robbins*, 281 N.C. at 240, 188 S.E.2d at 354.

The risk of assault and murder by a jealous ex-husband is not one which a rational mind would anticipate as an incident of the employment of an assistant manager of a fast food restaurant. The motivation behind the robbery and assault was unrelated to the employment of the deceased and likely to present itself at any time and in any place. Therefore, the resultant injury was not directly traceable to and connected with the employment. For these reasons, we conclude that the deceased employee did not sustain injury and death by accident arising out of the course of her employment. The opinion and award of the Industrial Commission is

Affirmed.

Judges MARTIN, John, and WALKER concur.