**DISHMOND v. INT'L PAPER CO.**

[132 N.C. App. 576 (1999)]

WILLARD M. DISHMOND, Plaintiff v. INTERNATIONAL PAPER COMPANY, Defendant ·

No. COA98-747

(Filed 16 March 1999)

**1. Workers' Compensation— brain injury—hearing and vision loss—scheduled injuries or total disability**

A workers' compensation claimant who suffered a brain injury which resulted in a hearing and vision loss was not entitled to compensation for both scheduled injuries under N.C.G.S. § 97-31 and total permanent disability under N.C.G.S. § 97-29, but was entitled to determine which statutory remedy offers the more generous benefits and to proceed under that statute.

**2. Workers' Compensation— brain injury—total disability— concurrent symptoms not compensable**

Where an employee received compensation for a brain injury under the total disability provisions of N.C.G.S. § 97-29, additional recovery is not available for concurrent symptoms caused by that injury.

Appeal by plaintiff from Opinion and Award for the Full Commission entered 13 April 1998. Heard in the Court of Appeals 28 January 1999.

*Eisele, Ashburn, Greene & Chapman, P.A., by Douglas G. Eisele, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by J. A. Gardner, III, for defendant-appellee.*

EDMUNDS, Judge.

Plaintiff was employed by defendant, International Paper Company, as a forklift operator. His duties included transferring large rolls of paper in and around defendant's manufacturing facility. On 20 September 1993, a roll of paper weighing approximately 1700 pounds fell on top of the forklift, causing its beacon warning light fixture to break loose and strike plaintiff's head. Plaintiff suffered a compound depressed skull fracture, causing brain damage that resulted in a twenty-six percent (26%) loss of hearing to his right ear and a sixty percent (60%) loss of vision in his left eye.

Plaintiff filed a claim with the Industrial Commission maintaining that he was entitled to compensation for scheduled injuries under N.C. Gen. Stat. § 97-31 (1991) in addition to compensation for total permanent disability under N.C. Gen. Stat. § 97-29 (1991). After an unfavorable ruling before a Deputy Commissioner, plaintiff appealed to the Full Commission. The Full Commission affirmed the Deputy, finding plaintiff to be "permanently and totally disabled as a result of the injuries to his brain, hearing, and vision," and concluding that plaintiff was entitled to compensation under section 97-29, but ineligible for additional compensation under section 97-31. Plaintiff appeals. We affirm the findings and conclusions of the Industrial Commission.

[1] Plaintiff first claims that the Industrial Commission erred when it ruled as a matter of law that he was not entitled to compensation for both scheduled injuries under section 97-31 and total incapacity under section 97-29. We do not agree.

> Appellate review of an order and award of the Industrial Commission is limited to a determination of whether the findings of the Commission are supported by the evidence and whether the findings in turn support the legal conclusions of the Commission. . . . This is so even though there is evidence which would support a finding to the contrary.

*Radica v. Carolina Mills*, 113 N.C. App. 440, 445-46, 439 S.E.2d 185, 189 (1994) (*quoting Simon v. Triangle Materials, Inc.*, 106 N.C. App. 39, 41, 415 S.E.2d 105, 106, *disc. review denied*, 332 N.C. 347, 421 S.E.2d 154 (1992)).

Sections 97-29 and 97-31 have been interpreted as offering alternative avenues of recovery to an employee whose scheduled injuries leave him or her totally incapacitated. *See Hill v. Hanes Corp.*, 319 N.C. 167, 353 S.E.2d 392 (1987). Section 97-29 provides compensation for total disability, while section 97-31 furnishes a menu of specific harms and corresponding compensations. The general rule is that "stacking of benefits covering the same injury for the same time period is prohibited." *Gupton v. Builders Transport*, 320 N.C. 38, 43, 357 S.E.2d 674, 678 (1987) (citations omitted). However, as noted in *Gupton*, this statutory scheme exists to prevent double recovery, not to dictate an exclusive remedy. *See id.* Our Supreme Court has stated, "Even if all injuries are covered under the scheduled injury section an employee may nevertheless elect to claim under N.C.G.S. § 97-29 if this section is more favorable; but he may not recover under both sec-

tions." *Hill* at 176, 353 S.E.2d at 398 (citation omitted). Thus, a totally disabled plaintiff, whose injuries are also completely covered by section 97-31, is entitled to determine which statutory remedy offers the more generous benefits and proceed under that statute.

However, our Supreme Court has held that recovery under both sections is available under certain circumstances. In *Hill*, the employee suffered twenty percent (20%) disability to both legs as a result of a fall. After reaching the point of maximum medical improvement for this scheduled injury, and within the time permitted to show a change of condition, *see* N.C. Gen. Stat. § 97-47 (1991), the employee was diagnosed with depression stemming from the original injury. Under these facts, our Supreme Court reasoned that the employee's psychological condition was directly related to, yet distinct from, his physical injury and held that there were "no double payments for the same injury." *Hill* at 177, 353 S.E.2d at 398. Because the employee's scheduled injury subsequently gave rise to a separate totally incapacitating psychiatric disorder within the statutory time limits, the employee was entitled to recover under both section 97-29 and section 97-31.

Despite plaintiff's argument to the contrary, we find *Hill* is not applicable here. The holding in *Hill* is specifically limited to cases involving unscheduled psychiatric or psychological injury, which results from physical trauma. "The question is whether an employee may be compensated for both a scheduled compensable injury under N.C.G.S. § 97-31 and total incapacity for work under N.C.G.S. § 97-29 *when the total incapacity is caused by a psychiatric disorder brought on by the scheduled injury.* We conclude the answer is yes." *Hill* at 174, 353 S.E.2d at 397 (emphasis added). Psychological or psychiatric injuries are not covered by the schedule in section 97-31 and therefore "are compensable, if at all, under G.S. 97-29 or G.S. 97-30." *McLean v. Eaton Corp.*, 125 N.C. App. 391, 395, 481 S.E.2d 289, 291 (1997) (citation omitted). Here, unlike the injuries in *Hill* and *McLean*, all injuries suffered by plaintiff are covered under the schedule[1] in section 97-31.

[2] We hold that where an employee has received compensation for a brain injury under the total disability provisions of section 97-29, additional recovery is not available for concurrent symptoms caused

---

1. Partial loss of sight and hearing is covered under N.C. Gen. Stat. § 97-31(19) (1991); disfigurement is covered under N.C. Gen. Stat. § 97-31(21) (1991); and injury to the brain is covered under N.C. Gen. Stat. § 97-31(24) (1991).

by that injury. Otherwise, as defendant correctly observes, when carried to its logical limit, plaintiff's argument could result in compensation far beyond that apparently envisioned by the drafters of these statutes. Here, the trauma to plaintiff's head damaged the portions of his brain which control visual and auditory perception, which, in turn, caused plaintiff's loss of sight and hearing. Had a similar but more severe brain injury reduced an employee to a permanently comatose state, he or she would unquestionably be entitled to total disability payments under section 97-29. Under plaintiff's theory, such an employee, although otherwise physically unharmed, could also recover under section 97-31, subsections (1) and (19) for loss of the use of a thumb, (2) and (19) for loss of use of first finger, (3) and (19) for loss of use of second finger, and so on down the schedule. We do not perceive the legislative intent to allow such expansive recovery.

We also note that *Hill* is consistent with the standard rule disallowing double recovery for the same injury in the same time period. *See Gupton*, 320 N.C. 38, 357 S.E.2d 674. The victim in *Hill* was rated partially permanently disabled for a back injury in November, 1980, and since the disability was twenty percent (20%), pursuant to section 97-31(23), he received sixty weeks of compensation. The onset of the depression that rendered him permanently disabled was in November, 1982, by which time he was no longer receiving compensation for the back injury. The employee in *Hill* was not, therefore, receiving payments under both statutes at the same time for the same injury. By contrast, plaintiff here seeks multiple compensations at one time for a single injury. Since the rule in *Hill* does not apply to this case, we hold that plaintiff was obligated to elect to proceed under N.C. Gen. Stat. § 97-29 (1991) or N.C. Gen. Stat. § 97-31 (1991), and that he was not eligible to receive compensation under both.

Plaintiff next contends that there is no competent evidence on which the Commission could base its finding that plaintiff's disability resulted from injuries to his brain, vision, and hearing. Plaintiff argues that all four experts used in this case testified that plaintiff's total disability resulted from injury to his brain, not his vision and hearing, and that the Commission erred by finding contrary to the expert testimony. In *Harvey v. Raleigh Police Dept.*, 96 N.C. App. 28, 34, 384 S.E.2d 549, 552 (discussing *Click v. Freight Carriers*, 300 N.C. 164, 265 S.E.2d 389 (1980)), *disc. review denied*, 325 N.C. 706, 388 S.E.2d 454 (1989), this Court stated, "[W]e do not read *Click* to require that the Industrial Commission must find in accordance with plaintiff's expert medical testimony if the defendant does not offer

expert medical testimony to the contrary." We interpret *Harvey* as establishing the rule that the Commission's findings, when supported by competent evidence, will not be overturned on appeal, even where there is expert testimony to the contrary. Accordingly, our review is limited to whether there is competent evidence on which the Commission could base its finding.

The record indicates that there was competent evidence on which the Commission could base its finding that total disability was caused by damage to plaintiff's brain, vision, and hearing. According to Dr. Timothy Saunders, plaintiff's vision impairment was the consequence of his brain injury. Similarly, according to Dr. Christ Koconis, plaintiff's hearing loss also resulted from the injury sustained when the warning light hit his head. The losses to plaintiff's vision and hearing are manifestations of the damage to the brain itself and, along with the disfigurement resulting from the initial blow, are all aspects of a single injury. We find that this and other evidence indicating plaintiff could no longer function in a work environment, is competent evidence to support the Commission's finding. Plaintiff's assignment of error is therefore overruled, and the Industrial Commission's decision is affirmed.

Affirmed.

Judges WYNN and HORTON concur.