IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-55

 Filed: 16 May 2017

North Carolina Industrial Commission, I.C. Nos. Y26729 & PH-3452

SHAUN WEAVER, Employee, Plaintiff,

 v.

DANIEL GLENN DEDMON d/b/a DAN THE FENCE MAN d/b/a BAYSIDE
CONSTRUCTION, Employer, NONINSURED, and DANIEL GLENN DEDMON,
Individually; and SEEGARS FENCE COMPANY, INC. of ELIZABETH CITY,
Employer, and BUILDERS MUTUAL INSURANCE COMPANY, Carrier,
Defendants.

 Appeal by Plaintiff from an Opinion and Award entered 2 September 2015 by

the Full North Carolina Industrial Commission. Heard in the Court of Appeals 7

June 2016.

 The Jernigan Law Firm, by Leonard T. Jernigan, Jr. and Kristina Brown
 Thompson, for Plaintiff-Appellant.

 Lewis & Roberts, by J. Timothy Wilson, for Defendants-Appellees.

 INMAN, Judge.

 A decision by the North Carolina Industrial Commission that contains

contradictory factual findings and misapplies controlling law must be set aside and

remanded to the Commission to determine, in light of the correct legal standards,

factual and legal issues regarding whether an employee’s injury arose out of and in

the course of his employment.
 WEAVER V. DEDMON

 Opinion of the Court

 Shaun Weaver (“Plaintiff” or “Mr. Weaver”) appeals from an Opinion and

Award of the Full Commission of the North Carolina Industrial Commission (the

“Commission”), denying him compensation for injuries suffered in an on-the-job

accident. For the reasons explained in this opinion, we remand.

 Factual and Procedural History

 Mr. Weaver’s appeal arises from an accident that occurred in October 2012 in

an outdoor storage yard of Seegars Elizabeth City, a facility owned and operated by

Seegars Fence Company (“Defendant Seegars”). Mr. Weaver, at that time 20 years

old, was in the yard with Daniel Glenn Dedmon (“Dedmon”), who owned a small

business known alternatively as Dan the Fence Man or Bayside Construction.

 The record tends to show the following:

 A few weeks before the accident, Defendant Seegars had hired Dedmon as a

subcontractor in anticipation of a brief period of high-volume contracts for fence

construction. Defendant Seegars provided fencing materials as well as a truck and

trailer, and Dedmon provided the tools. Dedmon hired Mr. Weaver to do the work.

Dedmon directed and controlled Mr. Weaver’s work. Mr. Weaver had worked

building fences with Dedmon, the father of Mr. Weaver’s half-brother, for a few years.

 Defendant Seegars delivered fencing supplies to construction worksites on

flatbed trucks. Other supplies were picked up by Dedmon and Mr. Weaver from the

Seegars storage yard. After completing their work each day, Dedmon and Mr. Weaver

 -2-
 WEAVER V. DEDMON

 Opinion of the Court

would return to the storage yard, unload unused supplies, and reload supplies needed

for the following day. According to Mr. Weaver’s testimony, to load and unload

supplies, Dedmon regularly operated a Bobcat skid-steer loader kept in the yard and

Mr. Weaver regularly operated a forklift kept in a nearby warehouse. Mr. Weaver

had no certificate to drive the forklift but testified that he was never told that he was

not allowed to operate it. The storage yard is a quarter-acre gravel yard

approximately 200 feet behind the warehouse and an adjacent office. A seven-foot

fence with privacy slats and barbed wire surrounds the yard.

 Between 5:30 and 5:40 p.m. on 17 October 2012, Mr. Weaver and Dedmon

returned to the storage yard after finishing their day’s work on a construction site.

Dedmon operated the Bobcat while Mr. Weaver operated the forklift. At

approximately 5:50 p.m., the forklift overturned, entrapping Mr. Weaver between the

roll bars of the top portion of the forklift. Mr. Weaver testified that he had completed

loading and unloading items with the forklift and was about to return the forklift to

the warehouse when he turned it too quickly, causing it to overturn.

 Charles Mapes, the owner and operator of a business next door to Seegars who

was working about 300 to 350 feet from the storage yard that afternoon, witnessed

Mr. Weaver operating the forklift prior to the accident. Mapes heard the loud noise

of equipment “running at a high throttle” and looked over the fence to see the forklift

 -3-
 WEAVER V. DEDMON

 Opinion of the Court

being driven in circles or “donuts.”1 Mapes did not see any work materials and “there

was no indication that there was any work being done.” Mapes turned around to

carry some lumber into his building when he heard a loud boom, followed by

screaming. Mapes ran over to the yard and found Dedmon trying without success to

use the Bobcat to lift the forklift off of Mr. Weaver’s body, which was folded in half.

 Paramedics arrived at approximately 5:55 p.m., freed Mr. Weaver from the

forklift, and transported him to a nearby hospital. Mr. Weaver was diagnosed with,

inter alia, a crush injury; closed head injury; cervical, thoracic, lumbar, and pelvic

fractures; liver and renal lacerations; splenic injury; and cardiac arrest. Mr. Weaver

required several months of in-patient care and at the time of the hearing of this

matter remained in an assisted living facility.

 At the time of the accident, Defendant Seegars had workers’ compensation

insurance. Dedmon had no workers’ compensation insurance. Defendant Seegars

had not obtained a certificate of workers’ compensation insurance coverage from

Dedmon prior to the accident.

 On 23 October 2012, one week after the accident, Defendant Seegars filed a

Form 19 Notice of Accident pursuant to the Workers’ Compensation Act. On 5

November 2012, Defendant Seegars’s insurance carrier filed a Form 61 Denial of

 1 The transcript of proceedings before the Commission uses this spelling of the term which
most commonly refers to a circular fried dough pastry. “Donut” is the predominant spelling, while
“doughnut” is a less common spelling. “Donut.” Merriam-Webster Online Dictionary. 2017.
http://www.merriam-webster.com (19 Apr. 2017).

 -4-
 WEAVER V. DEDMON

 Opinion of the Court

Workers’ Compensation Claim explaining that a claim by Mr. Weaver arising from

the accident would be denied because “[e]mployee did not sustain an injury by

accident or specific traumatic event arising out of and during the course and scope of

his employment.” On 11 April 2013, Mr. Weaver filed a Form 18 Notice of Injury

pursuant to the Workers’ Compensation Act. On 20 August 2013, Mr. Weaver filed a

Form 33 Request for Hearing.

 Mr. Weaver and Defendant Seegars, through counsel, appeared at a hearing

on 20 February 2014 before Deputy Commissioner Adrian Phillips. Dedmon did not

appear and did not participate in the proceedings below. Following depositions and

briefing, the Deputy Commissioner on 7 October 2014 entered an Opinion and Award

denying Mr. Weaver’s claim in its entirety. The Deputy Commissioner found credible

testimony by Mapes that Mr. Weaver was driving the forklift in high-speed turns or

“donuts” and found that the turns caused the forklift to tip over onto Mr. Weaver.

 Mr. Weaver appealed to the Full North Carolina Industrial Commission

pursuant to N.C. Gen. Stat. § 97-85 and Commission Rule 701, and the matter was

heard on 10 March 2015. The parties, again with the exception of Dedmon, appeared

through counsel and submitted briefs and oral arguments. The Commission entered

an Opinion and Award on 6 July 2016 affirming the Deputy Commissioner’s Opinion

and Award and providing extensive findings of fact and conclusions of law denying

Mr. Weaver’s claim for compensation. The Commission recited Mr. Weaver’s

 -5-
 WEAVER V. DEDMON

 Opinion of the Court

testimony in its findings of fact but did not make a finding that the testimony was

credible, or that it was not credible. The Commission found Mapes’s testimony—

including his account of seeing the forklift doing “donuts”—was credible because he

“was an unbiased, disinterested eyewitness of the events immediately preceding and

subsequent to the flipping of the forklift.”

 The Commission also found credible testimony by an accident reconstruction

expert that photographs showing curved tire impressions at the accident scene were

consistent with the forklift driving in tight circles. The Commission found that Mr.

Weaver “was operating the forklift at such a speed to cause it to rollover and inflict

the resulting serious injuries from which [he] now suffers.” The Commission further

found that “the manner in which Plaintiff operated the forklift preceding his injury

was unreasonable and reckless, in essence joy riding and/or thrill seeking.” The

Commission concluded that Mr. Weaver’s injury did not arise out of and in the course

of his employment and is therefore not compensable.

 Commissioner Bernadine Ballance dissented, asserting that Mr. Weaver was

injured while operating the forklift “for the purpose of moving and loading materials

needed to accomplish the job for which he was hired,” and “in the presence of, at the

direction of, and under the supervision of his employer,” Dedmon. As the statutory

employer, Commissioner Ballance concluded that Defendant Seegars should be liable

to the same extent Dedmon would have been if he had purchased workers’

 -6-
 WEAVER V. DEDMON

 Opinion of the Court

compensation insurance. Beyond disputing the Commission’s findings based on the

evidence, Commissioner Ballance noted that the Commission’s finding that Plaintiff

was operating the forklift at an excessive or high speed “indicates that Plaintiff may

have been negligently operating the forklift” at the time of the accident.

Commissioner Ballance reasoned that “neither negligence, nor gross negligence

would bar compensation to Plaintiff, if Plaintiff’s actions in operating the forklift were

reasonably related to the accomplishment of the tasks for which he was hired.”

 Mr. Weaver timely appealed the Commission’s Opinion and Award.

 Analysis

 Mr. Weaver argues the Commission’s legal conclusions are inconsistent with

its factual findings and are not supported by the relevant case law. Specifically, Mr.

Weaver argues the Commission’s findings do not support the legal conclusion that his

manner of operating the forklift removed him from the scope of his employment. He

also argues that the Commission failed to make findings necessary to support the

conclusion that he was injured while engaging in an activity unrelated to the job

duties he was performing. After careful review, we agree and remand this matter to

the Commission to reconsider and to determine, based on the North Carolina

Workers’ Compensation Act and our precedent, whether Mr. Weaver’s injuries arose

out of and in the course of his employment.

I. Standard of Review

 -7-
 WEAVER V. DEDMON

 Opinion of the Court

 Our review of an opinion and award of the Commission is limited to

determining: (1) whether the findings of fact are supported by competent evidence,

and (2) whether those findings support the Commission’s conclusions of law.

Chambers v. Transit Mgmt., 360 N.C. 609, 611, 636 S.E.2d 553, 555 (2006).

Unchallenged findings of fact “are ‘presumed to be supported by competent evidence’

and are, thus ‘conclusively established[.]’ ” Chaisson v. Simpson, 195 N.C. App. 463,

470, 673 S.E.2d 149, 156 (2009) (quoting Johnson v. Herbie’s Place, 157 N.C. App.

168, 180, 579 S.E.2d 110, 118 (2003)).

 The Commission’s conclusions of law are reviewed de novo. McRae v.

Toastmaster, Inc., 358 N.C. 488, 496, 597 S.E.2d 695, 701 (2004) (citation omitted).

Challenged findings of fact are conclusive on appeal “when such competent evidence

exists, even if there is plenary evidence for contrary findings.” Hardin v. Motor

Panels, Inc., 136 N.C. App. 351, 353, 524 S.E.2d 368, 371 (2000). This Court has no

authority to re-weigh the evidence or to substitute its view of the facts for those found

by the Commission.

 Because appellate courts have no jurisdiction to determine issues of fact, errors

by the Commission regarding mixed issues of law and fact are generally corrected by

remand rather than reversal. “When the Commission acts under a misapprehension

of the law, the award must be set aside and the case remanded for a new

 -8-
 WEAVER V. DEDMON

 Opinion of the Court

determination using the correct legal standard.” Ballenger v. ITT Grinnell Indus.

Piping, Inc., 320 N.C. 155, 158, 357 S.E.2d 683, 685 (1987) (citations omitted).

 In this appeal, Mr. Weaver challenges some aspects of the Commission’s

Opinion and Award that are denominated conclusions of law but which actually are

findings of fact. Our standard of review depends on the actual nature of the

Commission’s determination, rather than the label it uses. Barnette v. Lowe’s Home

Ctrs., Inc., __ N.C. App. __, __, 785 S.E.2d 161, 165 (2016) (“Regardless of how they

may be labeled, we treat findings of fact as findings of fact and conclusions of law as

conclusions of law for purposes of our review.”).

 “[T]he determination of whether an accident arises out of and in the course of

employment is a mixed question of law and fact, and this Court may review the record

to determine if the findings and conclusions are supported by sufficient evidence.”

Gallimore v. Marilyn’s Shoes, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977). Because

the amount of deference provided to the Commission by the appellate court can

determine the ultimate outcome of an appeal, it is imperative that we take care to

apply the appropriate standard of review to each determination in dispute.

II. “Arising Out of and in the Course of Employment”

 The first issue disputed between the parties is whether Mr. Weaver’s injury

arose out of and in the course of his employment.

 -9-
 WEAVER V. DEDMON

 Opinion of the Court

 The North Carolina Workers’ Compensation Act (the “Act”) defines

compensable injury as “only injury by accident arising out of and in the course of the

employment.” N.C. Gen. Stat. § 97-2(6) (2015). The terms “arising out of” and “in the

course of” employment “are not synonymous, but involve two distinct ideas and

impose a double condition, both of which must be satisfied in order to render an injury

compensable.” Williams v. Hydro Print, Inc., 65 N.C. App. 1, 5, 308 S.E.2d 478, 481

(1983) (citation omitted). As both requirements are “parts of a single test of work-

connection . . . , ‘deficiencies in the strength of one factor are sometimes allowed to be

made up by strength in the other.’ ” Id. at 9, 308 S.E.2d at 483 (quotation marks and

citation omitted). “The term ‘arising out of’ refers to the origin or cause of the

accident, and the term ‘in the course of’ refers to the time, place, and circumstances

of the accident.” Hoyle v. Isenhour Brick & Tile Co., 306 N.C. 248, 251, 293 S.E.2d

196, 198 (1982) (citation omitted).

 In Teague v. Atlantic Co., 213 N.C. 546, 196 S.E. 875 (1938), the Supreme Court

of North Carolina denied a workers’ compensation claim by the estate of an employee

who died while riding on a crate conveyor belt, despite a previous warning by his

supervisor that riding the belt was dangerous and prohibited. The Commission relied

on the Act’s definition of compensable injury and concluded that the employee’s death

did not arise out of his employment because “there was no causal connection between

the conditions under which the work was required to be performed and the resulting

 - 10 -
 WEAVER V. DEDMON

 Opinion of the Court

injury.” Id. at 548, 196 S.E. at 876. The Supreme Court also quoted the Commission’s

reasoning that the employee died, not as a result of a risk inherent in his work

activities, but rather

 by stepping aside from the sphere of his employment and
 voluntarily and in violation of his employer’s orders, for his
 own convenience or for the thrill of attempting a hazardous
 feat, attempted to ride on machinery installed and used for
 another purpose and obviously dangerous for the use he
 attempted to make of it rather than take the usual course
 of going from the basement to the first floor by way of the
 stairs provided and used for that purpose.

Id. at 548, 196 S.E. at 876.

 In Spratt v. Duke Power Co., 65 N.C. App. 457, 465, 310 S.E.2d 38, 43 (1983),

this Court allowed compensation pursuant to the Act for an employee who was

injured while breaking a safety rule. The employee, who worked in an industrial

plant, was running toward the canteen to buy chewing gum when he slipped on coal

dust and fell. Id. at 459, 310 S.E.2d at 40. He knew that running inside the plant

was prohibited and had been warned previously not to do so. Id. at 459, 310 S.E.2d

at 40. This Court held “[t]he fact that the employee is not engaged in the actual

performance of the duties of the job does not preclude an accident from being one

within the course of employment.” Id. at 468, 310 S.E.2d at 45 (citing Brown v.

Aluminum Co., 224 N.C. 766, 32 S.E.2d 320 (1944)) (holding an employee’s injury,

which occurred when he was returning to the bathroom to retrieve his flashlight,

arose in the course of employment).

 - 11 -
 WEAVER V. DEDMON

 Opinion of the Court

 In Rivera v. Trapp, 135 N.C. App. 296, 299, 519 S.E.2d 777, 779 (1999), this

Court affirmed an award of compensation to an employee who was injured while

operating a forklift, even though the employee’s job duties did not include using the

forklift. The Court distinguished Teague:

 Teague dealt with a situation where a thrill-seeking
 employee took action that bore no resemblance to
 accomplishing his job. Here, the record shows that plaintiff
 acted solely to accomplish his job. Plaintiff rode on the
 forklift to move necessary materials to the third floor.
 While this action may have been outside the “narrow
 confines of his job description” as a roofer, it is clear that
 plaintiff's actions were reasonably related to the
 accomplishment of the task for which he was hired.
 Further, in Teague, the foreman had given the plaintiff an
 express order not to ride the conveyor belt. Here, plaintiff
 testified that Schuck authorized him to ride the forklift.

Id. at 301-02, 519 S.E.2d at 780 (internal citations omitted); see also Hensley v.

Carswell Action Com. Inc., 296 N.C. 527, 531-32, 251 S.E.2d 399, 401-02 (1979)

(holding that a groundskeeper who drowned after wading in a lake to cut weeds,

ignoring a specific instruction not to go in the water, was injured in the course of and

arising from his employment).

 Arp v. Parkdale Mills Inc., 150 N.C. App. 266, 274, 563 S.E.2d 62, 68 (2002)

(Tyson, J., dissenting), adopted per curiam, 356 N.C. 657, 576 S.E.2d 326 (2003),

provides an analytical framework for assessing whether an employee’s injury was

causally related to the employment. In Arp, the North Carolina Supreme Court

adopted the dissent of Judge Tyson (“Arp” or “the opinion”), which denied

 - 12 -
 WEAVER V. DEDMON

 Opinion of the Court

compensation to an employee who was injured when he fell from a seven and one-half

foot fence on his employer’s premises. Id. at 268, 563 S.E.2d at 64. The employee,

who was leaving fifteen minutes before the end of his shift, had climbed the fence

instead of exiting through a gate, which remained locked until the shift ended. Id. at

268, 563 S.E.2d at 64. Arp held that work-related activities are generally divided into

two types:

 (1) actual performance of the direct duties of the job
 activities, and (2) incidental activities. The former are
 almost always within the course of employment, regardless
 of the method chosen to perform them. Incidental activities
 are afforded much less protection. If they are: (1) too
 remote from customary usage and reasonable practice or
 (2) are extraordinary deviations, neither are incidents of
 employment and are not compensable.

Id. at 277, 563 S.E.2d at 69-70 (internal citations omitted). Arp held that the

plaintiff’s activity—leaving work before his shift ended—was not in the actual

performance of a direct job duty, and then assessed whether the plaintiff’s actions

constituted a reasonable incidental activity. Id. at 277, 563 S.E.2d at 69-70. The

opinion noted that Teague and other North Carolina appellate decisions “have

consistently denied compensation where the incidental activity was unreasonable.”

Id. at 278, 563 S.E.2d at 70. Distinguishing its analysis from negligence theory, the

opinion concluded that the “[p]laintiff’s unreasonable actions, not the grossly

negligent manner in which he performed them, produced his injuries.” Id. at 280,

 - 13 -
 WEAVER V. DEDMON

 Opinion of the Court

563 S.E.2d at 71. In adopting this Court’s opinion in Arp, the Supreme Court did not

overturn Spratt, Rivera, or other decisions distinguishing Teague.

 Considering our precedent, we now explain why the Commission’s Opinion and

Award in this case must be set aside and remanded.

 The Commission’s Conclusion of Law #3, challenged by Mr. Weaver, reads:

 The Full Commission’s finding that Plaintiff was
 “joyriding” or “thrill seeking,” which bore no relation to
 accomplishing the duty for which Plaintiff was hired,
 removed Plaintiff from the scope of his employment. To the
 extent Plaintiff may have initially performed some work-
 related tasks with the forklift, his decision to do donuts on
 the Seegars’ forklift, was too remote from customary usage
 and reasonable practice and constituted an extraordinary
 deviation from his employment. Pursuant to Arp v.
 Parkdale Mills, Inc., 356 N.C. 657, 576 S.E.2d 326 (2003),
 the Full Commission concludes that Plaintiff’s activity
 leading to his injury on 17 October 2012 was unreasonable.
 Consequently, Plaintiff’s injury did not arise out of and in
 the course of his employment and is not compensable. N.C.
 Gen. Stat. § 97-2(6).

 The Commission’s determination that Mr. Weaver’s “joyriding” or “thrill

seeking” bore no relation to his job duties, despite being denominated as a conclusion

of law, is actually a finding of fact. So is the Commission’s determination that

“Plaintiff may have initially performed some work related tasks with the forklift,”

contained in this same denominated conclusion of law. “ ‘Any determination reached

through logical reasoning from the evidentiary facts is more properly classified a

finding of fact.’ ” Barnette, ___ N.C. App. at ___, 785 S.E.2d at 165 (quoting In re

 - 14 -
 WEAVER V. DEDMON

 Opinion of the Court

Helms, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997)). These inconsistent

factual findings—one stating that Mr. Weaver’s actions bore no relation to his job

duties, and the other stating that Mr. Weaver may have initially performed some

work-related tasks with the forklift—preclude this Court from determining whether

the Commission’s findings support the legal conclusion that Plaintiff’s operation of

the forklift removed him from the scope of employment. Because these inconsistences

are factual, too material to be disregarded as surplusage, and cannot be resolved by

reference to other findings in the Opinion and Award, we must vacate the decision

and remand for redetermination by the Commission. To guide the Commission in its

proceedings on remand, we will address further the legal issues disputed between the

parties and the applicable law.

 The Commission’s finding that Mr. Weaver “may have initially performed some

work-related tasks with the forklift” undermines the Commission’s conclusion that

the injury did not arise out of and in the course of the employment. Mr. Weaver

testified that the accident occurred as he was returning the forklift to the warehouse

after using it for work purposes. The Commission noted this testimony in its findings

of fact but did not indicate whether it found the testimony credible.

 “[A]n injury arises out of the employment when it is a natural and probable

consequence or incident of the employment and a natural result of one of its risks, so

there is some causal relation between the injury and the performance of some service

 - 15 -
 WEAVER V. DEDMON

 Opinion of the Court

of the employment.” Robbins v. Nicholson, 281 N.C. 234, 239, 188 S.E.2d 350, 354

(1972) (internal quotation marks omitted). The analysis in Robbins, which pre-dated

the Act, has been followed by this Court in applying the Act’s definition of “injury.”

See McGrady v. Olsten Corp., 159 N.C. App. 643, 647-48, 583 S.E.2d 371, 373 (2003)

(holding a certified nursing assistant whose duties included preparing meals was

injured in the course of and arising from her employment when she fell while climbing

a tree in her employer’s back yard to pick a pear).

 The only statutory exceptions to guaranteed compensation for injuries from a

work-related accident are (1) intoxication; (2) impairment from a controlled

substance; and (3) willful intent to injure or kill oneself or another. N.C. Gen. Stat.

§ 97-12 (2015). Even an employee’s willful violation of a safety rule does not preclude

recovery, but instead reduces the recovery by ten percent. Id. We are aware of no

prior North Carolina appellate decision addressing a claim by an employee who was

engaged in thrill seeking while returning equipment used for work-related tasks. But

the Commission did not clearly find that Mr. Weaver’s accident occurred while he was

returning the forklift after using it for a work-related task, and this Court cannot

make factual findings.

 The Commission’s finding that Mr. Weaver “may have initially performed some

work-related tasks with the forklift” materially alters the findings of fact contained

in the Opinion and Award, and we cannot disregard the finding as surplusage. The

 - 16 -
 WEAVER V. DEDMON

 Opinion of the Court

Commission’s use of the word “may” and its omission of any finding that Mr. Weaver’s

testimony was credible, so that the circumstances he testified about are not

necessarily found as a fact, leave this Court only to guess what the Commission would

have found if it had correctly applied Arp, Spratt, and other precedent.

 For the benefit of the Commission on remand, we also note that the

Commission misapplied the law in a second finding in the same sentence. The finding

—immediately following the finding that Mr. Weaver may have used the forklift for

work-related tasks—that “his decision to do donuts . . . was too remote from

customary usage and reasonable practice and constituted an extraordinary deviation

from his employment” reflects a legal analysis applicable only to an incidental activity

not related to the employment. The sentence as a whole, and considered in the

context of the entire decision, indicates that the Commission misapprehended the

law.

III. Negligence Theory

 The second issue before us is whether the Commission erroneously applied a

negligence analysis to deny compensation to Mr. Weaver. Defendants contend the

Commission did not apply a fault analysis, but rather determined that the nature of

Mr. Weaver’s actions was so far removed from his job duties that the accident was

not causally related to the employment.

 - 17 -
 WEAVER V. DEDMON

 Opinion of the Court

 The Act “was created to ensure that injured employees receive sure and certain

recovery for their work-related injuries without having to prove negligence on the

part of the employer or defend against charges of contributory negligence.” Whitaker

v. Town of Scotland Neck, 357 N.C. 552, 556, 597 S.E.2d 665, 667 (2003) (citation

omitted).

 Here, the Commission found the following facts:

 35. Based upon a preponderance of the credible evidence of
 record, the Full Commission finds that Plaintiff was
 operating the forklift at such a speed to cause it to rollover
 and inflict the resulting serious injuries from which
 Plaintiff now suffers.

 36. The Full Commission further finds that the manner in
 which Plaintiff operated the forklift preceding his injury
 was unreasonable and reckless, in essence joy riding and/or
 thrill seeking.

 Unlike Teague and other decisions denying compensation for injuries caused

by “dangerous thrill-seeking completely unrelated to the employment[,]” Hensley, 296

N.C. at 531, 251 S.E.2d at 401, here the Commission’s conclusion is grounded in

findings that characterize the speed and manner in which Plaintiff operated the

forklift. These findings do not address whether Mr. Weaver was operating the forklift

in furtherance of—or incidental to—his job duties and his employer’s interest. These

findings appear to impute negligence on behalf of the employee, indicating that the

Commission reached its decision under a misapprehension of law.

 [T]he Workers’ Compensation Act was ‘intended to

 - 18 -
 WEAVER V. DEDMON

 Opinion of the Court

 eliminate the fault of the workman as a basis for denying
 recovery’ and that ‘the only ground set out in the statute
 upon which compensation may be denied on account of the
 fault of the employee is when the injury is occasioned by
 his intoxication or willful intention to injure himself or
 another.’ Thus, except as expressly provided in the statute
 (as in section 97–12, which is not involved here), fault has
 no place in the workers’ compensation system.

Hassell v. Onslow Cty. Bd. of Educ., 362 N.C. 299, 304, 661 S.E.2d 709, 713 (2008)

(internal citations and brackets omitted).

 Because the Commission apparently misapplied the law and made

contradictory findings of fact that preclude a resolution as a matter of law, we remand

the matter to the Commission for redetermination based on the correct legal

standards.

 This is hardly the first decision by an appellate court in North Carolina

remanding a case to the Full Commission to redetermine issues of fact and law

because the Commission’s opinion and award reflected an incorrect legal standard.

“If the findings of the Commission are insufficient to determine the rights of the

parties, the appellate court may remand to the Industrial Commission for additional

findings.” Lanning v. Fieldcrest-Cannon, Inc., 352 N.C. 98, 106, 530 S.E.2d 54, 60

(2000) (citation omitted). “ ‘The evidence tending to support [the] plaintiff's claim is

to be viewed in the light most favorable to [the] plaintiff, and [the] plaintiff is entitled

to the benefit of every reasonable inference to be drawn from the evidence.’ ” Id. at

 - 19 -
 WEAVER V. DEDMON

 Opinion of the Court

106, 530 S.E.2d at 60 (quoting Adams v. AVX Corp., 349 N.C. 676, 681, 509 S.E.2d

411, 414 (1998)).

 In Ballenger, 320 N.C. at 157-58, 357 S.E.2d at 685, our Supreme Court

modified a decision of this Court affirming a decision of the Commission in part but

remanding the case to the Commission because the Commission employed an

incorrect standard for resolving conflicting medical testimony. This Court mandated

a remand “for a determination whether, uninfluenced by the . . . misstatement, the

Commission actually and dispassionately weighed the evidence before it concluded

there was sufficient evidence to support a finding in plaintiff’s favor.” Id. at 157-58,

357 S.E.2d at 685 (internal quotation marks omitted) (alterations in original). The

Supreme Court held that this Court erred “in not remanding to the Commission for

new findings of fact and conclusions of law applying the correct legal standard.” Id.

at 158, 357 S.E.2d at 685. Like the Supreme Court in Ballenger, this Court expresses

no opinion as to the merits of Mr. Weaver’s case. “We hold only that the [F]ull

Commission must make a complete redetermination,” id. at 158, 357 S.E.2d at 685,

based upon the correct legal standard.

 A series of decisions by this Court in a case outside the context of workers’

compensation is instructive. In In re A.B., 239 N.C. App. 157, 172, 768 S.E.2d 573,

581-82 (2015) (“A.B. I”), this Court reversed an order terminating parental rights

because “[t]he contradictory nature of the trial court’s findings of fact and conclusions

 - 20 -
 WEAVER V. DEDMON

 Opinion of the Court

of law prohibit this Court from adequately determining if they support the court’s

conclusions of law . . .” and remanding to the trial court “for entry of a new order

clarifying its findings of fact and conclusions of law.” Following remand, the trial

court entered a revised order terminating the respondent’s parental rights. This

Court affirmed that order on appeal. See In re A.B., __ N.C. App. __, __, 781 S.E.2d

685, 692 (2016), review denied sub nom, __ N.C. __,793 S.E.2d 695 (2016) (“A.B. II”).

In A.B. II, the respondent contended that the trial court exceeded this Court’s remand

for a revised order “clarifying” its findings of fact because the trial court made new

findings. Id. at __, 781 S.E.2d at 692. This Court held that when read in context of

the entire decision, the word “clarifying” indicates “that this Court remanded this

case for the trial court to make whatever changes necessary to have an internally

consistent order.” Id. at __, 781 S.E.2d at 692.

 To make sure our mandate is clear, we remand this matter to the Commission

to weigh the evidence and redetermine the factual and legal issues necessary to

resolve Mr. Weaver’s claim. It is not necessary that the Commission receive any

additional evidence, although in its discretion it may do so. The Commission is not

precluded from restating findings and conclusions from the Opinion and Award we

have set aside, if those findings and conclusions are consistent with this opinion,

based on competent evidence, and reflect that the Commission has applied the correct

legal standards.

 - 21 -
 WEAVER V. DEDMON

 Opinion of the Court

 Conclusion

 For all of the reasons stated above, we set aside the Commission’s Opinion and

Award and remand this matter for further proceedings consistent with this opinion.

 VACATED and REMANDED.

 Judge BRYANT concurs. Judge TYSON dissents with separate opinion.

 - 22 -
 No. COA16-55 – Weaver v. Dedmon

 TYSON, Judge, dissenting.

 The Commission’s Opinion and Award concluded Plaintiff’s “decision to do

donuts on the Seegars’ forklift, was too remote from customary usage and reasonable

practice and constituted an extraordinary deviation from his employment.”

Competent evidence in the record supports the Commission’s findings. These

findings of facts are binding upon appeal and support the Commission’s conclusions

of law. This Court is bound by the standard of appellate review on the Commission’s

Opinion and Award. The decision of the Commission should be affirmed. I

respectfully dissent.

 I. Standard of Review

 This Court reviews an opinion and award of the Commission to determine

“whether there is any competent evidence in the record to support the Commission’s

findings and whether those findings support the Commission’s conclusions of law.”

Oliver v. Lane Co., 143 N.C. App. 167, 170, 544 S.E.2d 606, 608 (2001).

 “[T]he Commission is the fact finding body. . . . [and is] the sole judge of the

credibility of the witnesses and the weight to be given to their testimony.” Adams v.

AVX Corp., 349 N.C. 676, 680, 509 S.E.2d 411, 413 (1998) (internal citations and

quotation marks omitted). “Where there is competent evidence to support the

Commission’s findings, they are binding on appeal even in light of evidence to support

contrary findings.” Starr v. Gaston Cty. Bd. of Educ., 191 N.C. App. 301, 304-05, 663

S.E.2d 322, 325 (2008).
 WEAVER V. DEDMON

 TYSON, J., dissenting

 The Commission’s conclusions of law are reviewed de novo. McRae v.

Toastmaster, Inc., 358 N.C. 488, 496, 597 S.E.2d 695, 701 (2004).

 II. Plaintiff’s Unreasonable Activity

 Plaintiff argues the Commission erred by finding his actions removed him from

the course and scope of his employment and that his injury did not arise out of his

employment. After reviewing the Commission’s binding and unchallenged findings

of fact, his contention is without merit.

 A. Arise Out Of and In The Course Of Employment

 “In order to be compensable under our Workers’ Compensation Act, an injury

must arise out of and in the course of employment.” Barham v. Food World, Inc., 300

N.C. 329, 332, 266 S.E.2d 676, 678 (1980). Our courts have stated that “‘course of

employment’ and ‘arising out of employment’ are both parts of a single test of work-

connection and therefore, ‘deficiencies in the strength of one factor are sometimes

allowed to be made up by strength in the other.’” Williams v. Hydro Print, Inc., 65

N.C. App. 1, 9, 308 S.E.2d 478, 483 (1983) (quoting Watkins v. City of Wilmington,

290 N.C. 276, 280, 225 S.E.2d 577, 580 (1976)). “Together, the two phrases are used

in an attempt to separate work-related injuries from nonwork-related injuries.” Id.

at 5, 308 S.E.2d at 481.

 “In general, the term ‘in the course of’ refers to the time, place and

circumstances under which an accident occurs, while the term ‘arising out of’ refers

 2
 WEAVER V. DEDMON

 TYSON, J., dissenting

to the origin or causal connection of the accidental injury to the employment.”

Gallimore v. Marilyn’s Shoes, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977) (citations

omitted); see Williams, 65 N.C. App. at 7, 308 S.E.2d at 482 (“An injury arises out of

employment when it comes from the work the employee is to do, or out of the service

he is to perform, or as a natural result of one of the risks of the employment[.]”

(citation and internal quotation marks omitted)).

 “‘There must be some causal relation between the employment and the injury.’”

Bass v. Mecklenburg County, 258 N.C. 226, 231, 128 S.E.2d 570, 574 (1962) (quoting

Conrad v. Cook-Lewis Foundry Co., 198 N.C. 723, 153 S.E. 266 (1930)). Where no

causal connection exists, the injury is not compensable. Arp v. Parkdale Mills, Inc.,

150 N.C. App. 266, 274, 563 S.E.2d 62, 68 (2002) (Tyson, J., dissenting), adopted per

curiam, 356 N.C. 657, 576 S.E.2d 326 (2003). “The burden of proving the causal

relationship or connection rests with the claimant.” Id. (citing McGill v. Town of

Lumberton, 218 N.C. 586, 587, 11 S.E.2d 873, 874 (1940)).

 Our Supreme Court has held:

 [W]hether plaintiff’s claim is compensable turns upon
 whether the employee acts for the benefit of his employer
 to any appreciable extent or whether the employee acts
 solely for his own benefit or purpose or that of a third
 person.

 . . . we find that thrill seeking which bears no conceivable
 relation to accomplishing the job for which the employee
 was hired moves the employee from the scope of his
 employment.

 3
 WEAVER V. DEDMON

 TYSON, J., dissenting

Hoyle v. Isenhour Brick & Tile Co., 306 N.C. 248, 258-59, 293 S.E.2d 196, 202 (1982)

(emphasis supplied) (citations and quotation marks omitted).

 B. Employment Related Activities

 Employment related activities are divided into two types:

 (1) actual performance of the direct duties of the job
 activities, and (2) incidental activities. The former are
 almost always within the course of employment, regardless
 of the method chosen to perform them. Incidental activities
 are afforded much less protection. If they are: (1) too
 remote from customary usage and reasonable practice or
 (2) are extraordinary deviations, neither are incidents of
 employment and are not compensable.

Arp, 150 N.C. App. at 277, 563 S.E.2d at 69-70 (internal citations omitted).

 The Industrial Commission and North Carolina courts have consistently

denied compensation where the incidental activity by the employee was

unreasonable. See id. at 278, 563 S.E.2d at 70 (denying compensation where the

employee left his shift early and was injured when he attempted to exit by climbing

a barb wire gate, rather than exiting through an available gate); see also Matthews v.

Carolina Standard Corp., 232 N.C. 229, 234, 60 S.E.2d 93, 96 (1950) (holding

plaintiff’s injury and death “did not result from a hazard incident to his employment”

when he attempted to jump onto a truck moving across employer’s property after

hearing the lunch whistle); Moore v. Stone Co., 242 N.C. 647, 647-48, 89 S.E.2d 253,

254 (1955) (holding the employee’s injuries did not arise out of employment when the

 4
 WEAVER V. DEDMON

 TYSON, J., dissenting

employee for unknown reasons or for curiosity, while eating lunch, attempted to set

off a single dynamite cap and accidentally detonated other dynamite caps); Teague v.

Atlantic Co., 213 N.C. 546, 548, 196 S.E. 875, 876 (1938) (denying compensation

where the employee “stepp[ed] aside from the sphere of his employment and

voluntarily . . . for his own convenience or for the thrill of attempting a hazardous

feat, attempted to ride” a conveyor belt instead of taking the employer provided

steps).

 C. Analysis

 The Commission made the following relevant findings of fact which the

majority’s opinion agrees are supported by competent evidence:

 15. Several minutes after they arrived at the workyard, Mr.
 Mapes testified he heard “lots of loud noises nextdoor [sic]
 of equipment running at a high throttle.” Mr. Mapes
 testified that “peeking over I did see a forklift, green and
 white, and the Bobcat as well.” However, it was unusual
 to see the forklift in use at any time other than the
 mornings, according to Mr. Mapes. He further testified
 that he observed “[t]he forklift was being operated rather
 recklessly.” In addition, Mr. Mapes testified that he did
 not see any work materials and that “there was no
 indication that there was any work being done.” Rather,
 Mr. Mapes testified he observed the forklift being driven in
 circles or donuts.

 ...

 32. Andrew Webb, a professional accident
 reconstructionist, was hired by Defendant-Seegars to
 investigate the accident. . . . Mr. Webb stated the
 impressions were consistent with the testimony of Mr.

 5
 WEAVER V. DEDMON

 TYSON, J., dissenting

 Mapes in that the vehicle Plaintiff was operating was doing
 high-speed turns or donuts. Mr. Webb testified that the
 maneuvers Plaintiff performed on the forklift were
 consistent with the photographs showing the curved tire
 impressions which were consistent with donuts.

 ...

 34. The Full Commission finds, based upon a
 preponderance of the evidence, that Mr. Webb’s accident
 reconstruction and resulting opinions are not speculative
 and that Mr. Webb’s opinions are credible.

 35. Based upon a preponderance of the credible evidence of
 record, the Full Commission finds that Plaintiff was
 operating the forklift at such a speed as to cause it to
 rollover and inflict the resulting serious injuries from
 which Plaintiff now suffers.

 36. The Full Commission further finds that the manner in
 which Plaintiff operated the forklift preceding his injury
 was unreasonable and reckless, in essence joy riding and/or
 thrill seeking.

The Commission then concluded:

 3. The Full Commission’s finding that Plaintiff was
 “joyriding” or “thrill seeking,” which bore no relation to
 accomplishing the duty for which Plaintiff was hired,
 removed Plaintiff from the scope of his employment. To the
 extent Plaintiff may have initially performed some work-
 related tasks with the forklift, his decision to do donuts on
 the Seegars’ forklift, was too remote from customary usage
 and reasonable practice and constituted an extraordinary
 deviation from his employment. Pursuant to Arp v.
 Parkdale Mills, Inc., 356 N.C. 657, 576 S.E.2d 326 (2003),
 the Full Commission concludes that Plaintiff’s activity
 leading to his injury on 17 October 2012 was unreasonable.
 Consequently, Plaintiff’s injury did not arise out of and in
 the course of his employment and is not compensable. N.C.

 6
 WEAVER V. DEDMON

 TYSON, J., dissenting

 Gen. Stat. § 97-2(6).

 The majority’s opinion states Conclusion of Law 3 contains inconsistent factual

findings: “one stating that Mr. Weaver’s actions bore no relation to his job duties, and

the other stating that Mr. Weaver may have initially performed some work-related

tasks with the forklift[.]” Because the Commission found Mr. Weaver “may” have

been initially engaged in a work-related task, the majority’s opinion asserts the

Commission’s findings fail to support the conclusion that Plaintiff’s injuries did not

arise out of and in the course of his employment. The majority’s opinion further notes

the Commission’s Opinion and Award demonstrates a misapprehension of the law. I

respectfully disagree.

 Even if or “[t]o the extent” Conclusion of Law 3 contains some re-stated

findings of fact, see Barnette v. Lowe’s Home Ctrs., Inc., __ N.C. App. __, __, 785 S.E.2d

161, 165 (2015), these findings are entirely consistent with and support the

Commission’s ultimate conclusion. The majority’s opinion unduly parses the

Commission’s findings and conclusions. The majority fails to apply the plain and

ordinary meanings of the Commission’s words to wrongfully conclude they are

inconsistent with one another in order to compel a different result. Such substitution

of a result is inconsistent with this Court’s standard of review. See Adams, 349 N.C.

at 680-81, 509 S.E.2d at 413-14.

 7
 WEAVER V. DEDMON

 TYSON, J., dissenting

 The Commission, as the sole judge of the credibility of the witnesses, merely

acknowledged “[t]o the extent” Mr. Weaver may have initially or even arguably used

the forklift to perform work-related activities, “his decision to do donuts on the

Seegars’ forklift, was too remote from customary usage and reasonable practice and

constituted an extraordinary deviation from his employment” and constituted

joyriding or thrill seeking. In every previous case denying compensation, the

employee was at work and may have performed activities consistent with his

employment prior to engaging in conduct or actions which “bore no relation to his job

duties.”

 It appears that on remand, the majority is requiring the Commission to

reweigh the evidence to again determine whether Mr. Weaver’s testimony he was

initially using the forklift for work-related activities is credible, because “the

Commission did not clearly find that Mr. Weaver’s accident occurred while he was

returning the forklift after using it for a work-related task[.]” This notion ignores

binding precedents.

 Whether Mr. Weaver initially performed work-related activities is wholly

inconsequential, as the employee carries the burden and a causal connection is still

required to find that an employee’s injuries arose out of and in the course of

employment at the time of the injury. See Arp, 150 N.C. App. at 274, 563 S.E.2d at

68.

 8
 WEAVER V. DEDMON

 TYSON, J., dissenting

 Here, after weighing all the competent evidence, the Commission specifically

found Mr. Weaver was engaged in joyriding or thrill seeking. This finding is fully

supported by the competent testimonies of Mr. Webb and Mr. Mapes, which the

Commission found to be credible. The Commission then proceeded to conclude Mr.

Weaver’s joyriding or thrill seeking was an unreasonable activity, which bore no

relation to his employment; constituted an extraordinary deviation from his

employment; and even “[t]o the extent” Mr. Walker was “ at work” or may have

initially performed some work-related tasks, his joyriding or thrill seeking ultimately

broke the causal connection between his employment and his injuries.

 The Commission’s conclusion is entirely consistent with our precedents. See id.

at 277, 563 S.E.2d at 70 (“If [the activities] are: (1) too remote from customary usage

and reasonable practice or (2) are extraordinary deviations, neither are incidents of

employment and are not compensable.”); Hoyle, 306 N.C. at 259, 293 S.E.2d at 202

(“[T]hrill seeking which bears no conceivable relation to accomplishing the job for

which the employee was hired moves the employee from the scope of his

employment.”).

 Competent and credible evidence in the record demonstrates Mr. Weaver

clearly engaged in joyriding or thrill seeking. Though this thrill seeking activity

unfortunately resulted in serious injuries, competent evidence supports and the

Commission correctly concluded Mr. Weaver’s actions clearly removed him from any

 9
 WEAVER V. DEDMON

 TYSON, J., dissenting

prior or asserted activity within the “scope of his employment” such that his injuries

did not arise out of and in the course of his employment. See Hoyle, 306 N.C. at 259,

293 S.E.2d at 202. The Commission’s Opinion and Award denying Plaintiff

compensation is entirely consistent with long standing Supreme Court of North

Carolina precedents, is supported by competent evidence, and is properly affirmed.

See id.

 III. Negligence Analysis

 Plaintiff further argues the Commission erroneously applied a negligence

standard to hold Plaintiff’s injuries are not compensable. I disagree.

 North Carolina precedents clearly hold negligence, and even gross negligence,

do not bar Plaintiff from recovery. See, e.g., Whitaker v. Town of Scotland Neck, 357

N.C. 552, 556, 597 S.E.2d 665, 667 (2003). However, binding precedents also

distinguish a claimant’s unreasonable actions from negligence or gross negligence.

Arp, 150 N.C. App. at 280, 563 S.E.2d at 71. Where the Commission’s decision is

based on the claimant’s “unreasonable actions, not the grossly negligent manner in

which he performed them,” Plaintiff has failed to carry his burden and compensation

is properly denied. See id. (emphasis original).

 Here, nothing in the record or in the Commission’s findings of fact or

conclusions of law indicate it relied upon any negligence theory to deny compensation.

Furthermore, the Commission found Mr. Weaver’s decision to engage in joyriding or

 10
 WEAVER V. DEDMON

 TYSON, J., dissenting

thrill seeking was an unreasonable activity. As such, his argument is without merit.

See id.

 IV. Conclusion

 Plaintiff failed to carry his burden to prove his injuries are compensable. The

Commission’s findings of fact are supported by competent evidence, which support its

conclusions of law. See Oliver, 143 N.C. App. at 170, 544 S.E.2d at 608 (2001). The

record and Opinion and Award demonstrate the Commission correctly understood

and applied the law and did not erroneously apply a negligence standard to this case.

 While this Court may remand a case to the Industrial Commission under

certain circumstances, in this case remand is error, entirely unnecessary, and does

not promote judicial economy. See, e.g., Lanning v. Fieldcrest- Cannon, Inc. 352 N.C.

98, 106, 530 S.E.2d 54, 60 (2000).

 Based upon long standing and binding precedents and our standard of review,

the Commission’s Opinion and Award denying Plaintiff compensation should be

affirmed. I respectfully dissent.

 11